IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 18-36902-H4-13 |
| | § | |
| **Eric Allen Rasberry** | § | |
| **Tori Leigh Rasberry** | § | |
| | § | |
| Debtor(s) | § | Chapter 13 |

**DEBTOR(S)' OBJECTION TO
NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES
AND MOTION FOR DETERMINATION**
(Regarding Docket No(s). 55)

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

**COMES NOW ERIC ALLEN RASBERRY AND TORI LEIGH RASBERRY** (the "Debtor(s)") and files this *Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges and Motion for Determination* and in support thereof would show the following:

1.  On 12/6/2018, Debtor(s) filed this bankruptcy case.

2.  On 4/30/2019, Ocwen Loan Servicing, LLC (the "Creditor") filed its *Notice of Postpetition Mortgage Fees, Expenses, and Charges* (Docket No. 55) (the "Notice") pursuant to Fed. R. Bankr. P. 3002.1(c) seeking attorney's fees (the "Fees") which it asserts are recoverable against the Debtor(s) or against the Debtor(s)' principal residence in the amount of $900. which were allegedly, and presumably, incurred in connection with "attorney fees" and proof of claim.

3.  Creditor may not seek fees for administrative functions that do not constitute the practice of law, which in turn cannot be subject to attorney's fees, nor may it seek fees for ministerial filings and ministerial acts such as reviewing emails, revising, and e-filing . *In re*

*Raygoza*, 556 B.R. 813, 823-824 (Bankr. S.D. Tex.2016). The fees sought must be attributable to actual legal work based on evidence regarding time records and hourly rates. *Id.* at 824. Moreover, Creditor must include sufficient information supporting any such fee request under U.S. Trustee Guidelines such as an adequate description of each service rendered, the date each service was rendered, the name or initials of the person providing each service, the hourly rate of that person, and the amount of time spent by that person on each specific service, and the value of each service that was rendered. *See* U.S. Dep't of Justice, Guidelines for Reviewing Applications for Compensation (Fee Guidelines) (2013), https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf. *See also In Re Shotlow*, Case No. 18-35219-H4-13 (Bankr. S.D. Tex., Slip Op. 6/12/2019).

4. Here, Debtor(s) contends that the amount of the Fees Creditor seeks in the Notice are excessive, not reasonable or necessary, and are based on insufficient information. The documents or other information attached to the Notice do not adequately support such Fees.

5. Debtor(s) would note that these type of fees sought under similar notices have been denied *in their entirety* by this court for the reasons set forth above in several other cases. *Id.* In fact, the firm filing the notices in those cases is the same firm that filed the Notice herein. *Id.*

6. Therefore, Debtor(s) objects to the Notice pursuant to 11 U.S.C. § 502(b)(1) and Fed. R. Bankr. P. 3007 and seeks a determination as to the reasonableness and necessity of the Fees sought by Creditor, preclusion from evidence of information Creditor failed to include in the Notice, and an award of reasonable expenses and attorneys' fees to the undersigned firm that were incurred in seeking this Objection which were caused by such failure

7. Accordingly, Debtor(s) respectfully requests that the Court:

    a. determine the reasonableness and necessity of the Fees sought by Creditor pursuant to 11 U.S.C. § 502(b);

    b. preclude Creditor from presenting information omitted from the Notice, in any form, as evidence in any contested matter or adversary proceeding pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(i) and 3002.1(i)(1); and,

    c.    award the undersigned firm reasonable and necessary attorneys' fees and costs incurred in seeking this Objection caused by Creditor's failure to provide the information omitted from the Notice as required by Fed. R. Bankr. P. 3001(c)(1) and 3002.1(c) pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(ii) and 3002.1(i)(2).

**WHEREFORE**, Debtor(s) requests that the Court sustain this Objection, determine fees, expenses, and charges, and grant Debtor(s) such other relief as is just.

Respectfully submitted,

**GUZMAN LAW FIRM**

*/s/ Mayur M. Patel*
_____

**Eloise A. Guzman**
State Bar No. 08654570; Fed ID 7685
eloise@guzmanbk.com
**Mayur M. Patel**
State Bar No. 24043863; Fed ID 573995
mayur@guzmanbk.com
*Attorneys in Charge for Debtor(s)*
8225 Gulf Freeway
Houston, Texas 77017
(713) 378-9900  Phone
(713) 378-9977  Fax

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2019, a true and correct copy of the foregoing was served on (1) all parties registered to receive electronic notices, (2) the parties on the attached list, if any, and (3) the following parties, if any.

<u>David G. Peake via ECF/CM</u>

<u>U.S. Trustee via ECF/CM</u>

<u>Debtor via U.S. Mail</u>
Eric Allen Rasberry and Tori Leigh Rasberry
10402 Canterra Ct.
Houston, TX  77095

<u>Creditor via U.S. Mail</u>
Codilis & Stawiarski, P.C.
400 North Sam Houston Pwky East, Suite 900A
Houston, Texas 77027

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
PO Box 24605
West Palm Beach, FL 33416-4605

                                                 */s/ Mayur M. Patel*
                                                 _____
                                               Eloise A. Guzman
                                               Mayur M. Patel